IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-39-FL

| | |
|---|---|
| JO L. PETERSON for H.B. III, a minor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (DE ## 9, 13). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") wherein he recommended that the court deny plaintiff's motion, grant defendant's motion, and uphold the Commissioner's final decision (DE # 15). Plaintiff timely objected to the M&R, and defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court sustains plaintiff's objection to the M&R, and remands this case to the Commissioner for further proceedings.

## BACKGROUND

H.B. III ("claimant") was born on March 24, 2006, and became seriously ill shortly thereafter. On April 10, 2006, claimant's mother Jo L. Peterson ("plaintiff") filed an application for Supplemental Security Income ("SSI"). That application was denied initially and upon reconsideration. On September 8, 2008, claimant and his mother and grandmother appeared before

an administrative law judge ("ALJ"). Claimant and his family were not represented by counsel at the hearing. On December 10, 2008, the ALJ issued a decision denying claimant's application. Claimant's request for review was denied by the Appeals Counsel on January 15, 2010. The ALJ's determination is therefore the final decision of the Commissioner, subject to judicial review pursuant to 42 U.S.C. § 405(g).

On March 8, 2010, plaintiff filed complaint in this court on behalf of claimant, seeking review of the Commissioner's final decision. Plaintiff is now represented by counsel. Defendant answered on May 4, 2010. Plaintiff moved for judgment on the pleadings on July 9, 2010, and defendant followed suit on September 21, 2010. The matter was referred to the magistrate judge, who entered his M&R on November 15, 2010. Plaintiff timely objected to the recommendation that the Commissioner's decision be upheld, and defendant responded.

## DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's denial of benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and

2

recommendations for the disposition [of the motions for judgment on the pleadings]." 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.   Analysis

  1.   Three-Step Sequential Evaluation Process for Children

To qualify for SSI, an individual under the age of 18 must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(i). The ALJ's determination of whether an individual is "disabled" under this definition involves a three-step sequential evaluation process:

> First, the [ALJ] must determine whether the claimant has engaged in substantial gainful activity. Second, if the claimant has not engaged in such activity, the [ALJ] must consider claimant's physical or mental impairments to determine whether such impairments are severe. Third, if the impairment is severe, the [ALJ] then determines whether the impairment meets, medically equals, or is functionally equal to a listed impairment.

Bryant ex rel. Bryant v. Barnhart, 63 F. App'x 90, 92-93 (4th Cir. 2003) (unpublished) (citing 20

3

C.F.R. § 416.924). A finding of functional equivalence at step three of the inquiry requires a showing of marked limitations in two domains of functioning or an extreme limitation in one domain. See 20 C.F.R. § 416.926a.

In this case, the ALJ determined at step one that claimant had never engaged in substantial gainful activity. At step two, the ALJ determined that plaintiff's restrictive cardiomyopathy was a severe impairment. But at step three, the ALJ determined that claimant's impairments did not meet, medically equal, or functionally equal the severity of a listed impairment. Assessing each of the six domains listed in the regulations, the ALJ found that claimant suffered no limitation in attending and completing tasks, interacting and relating with others, moving about and manipulating objects, or caring for himself or herself. The ALJ found less than marked limitations in acquiring and using information, and health and physical well-being.

2.  Objections

Plaintiff makes three specific objections to the M&R. The court finds that two of plaintiff's objections – that the ALJ improperly assessed claimant's credibility and that the magistrate judge engaged in an improper "truncated" substantial evidence review – are without merit.[1] However, the court agrees with plaintiff that the ALJ's treatment of claimant's asthma and respiratory problems was legally insufficient, requiring a remand for further consideration.

In her motion, plaintiff notes that claimant has been diagnosed with asthma, that the ALJ questioned plaintiff and claimant's grandmother about claimant's asthma, and that the record reflects

---

[1] Plaintiff's argument that a positive finding at step one of the two-part credibility test described in Craig v. Chater establishes a presumption that the symptoms alleged are as severe as testified to, and that this presumption can only be overcome if the ALJ finds evidence of deceit or exaggeration on the part of the witnesses, was recently rejected by this court in Felton-Miller v. Astrue, No. 2:10-CV-5-FL, 2010 WL 4809028 at *6 (E.D.N.C. Nov. 17, 2010). And the court finds that the magistrate judge sufficiently reviewed the record in finding that substantial evidence supported the ALJ's determination.

4

that claimant suffers from additional pulmonary impairments and has been treated in the emergency room for these impairments. Plaintiff also points to her testimony at the administrative hearing that claimant was often on steroids to treat his breathing problems, and that he sometimes used a nebulizer. In light of this evidence, plaintiff argues that it was error not to find claimant's asthma and other respiratory impairments "severe" at step two of the sequential review process. In her objections to the M&R, plaintiff responds to defendant's argument that any such error was harmless.

It cannot seriously be contended that claimant's asthma is not a "severe impairment" as that term is used in the Social Security regulations. It is only where a child has "a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations" that the ALJ will find no "severe" impairment. See 20 C.F.R. § 416.924(c); cf. Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (noting similar standard for determining severe impairments in adults). "Ordinarily, this is not a difficult hurdle for the claimant to clear." Albright v. Comm'r of Soc. Sec. Admin., 174 F.3d 473, 474 n.1 (4th Cir. 1999). At a minimum, the ALJ had an obligation to provide a rationale for finding that claimant's breathing problems, which had caused him to be seen in the emergency room and to be prescribed steroids on multiple occasions, were not "severe" under the regulations. See 20 C.F.R. § 416.924(a) (noting that ALJs are to "evaluate all the impairments for which [they] have evidence"); id. § 416.924(g) (directing ALJs to "indicate their findings at each step of the sequential evaluation process").

Although the ALJ erred in failing to consider claimant's respiratory problems at step two of the analysis, this error alone does not justify remand. As this court has previously noted, where an ALJ finds at least one impairment or combination of impairments to be "severe" and proceeds with the sequential evaluation, the failure to consider whether any other impairment also qualifies as

5

"severe" is harmless error. See Pittman v. Astrue, No. 5:08-CV-83-FL, 2008 WL 4594574, at *4 (E.D.N.C. Oct. 10, 2008); accord Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008); Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005); Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987). This is so because "[a]s long as a claimant has any severe impairment or combination of impairments, the ALJ must proceed beyond step two and consider all of the impairments (including non-severe impairments) at the remaining steps of the sequential evaluation process . . . ." Pittman, 2008 WL 4594574 at *4 (emphasis added). In other words, by finding that claimant's cardiomyopathy was a severe impairment, "the ALJ reached the proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence." Carpenter, 537 F.3d at 1266.

Nevertheless, the court concludes that remand is required in this case because the ALJ's error was not confined to step two. Cf. Burch, 400 F.3d at 682 ("Assuming without deciding that this omission constituted legal error, it could only have prejudiced [claimant] in [subsequent steps] . . . because [step two] . . . [was] resolved in her favor."). In determining whether claimant's impairments met or medically equaled a listing at step three of the sequential review process, the ALJ again failed to mention plaintiff's asthma and other respiratory problems. Indeed, asthma (when combined with specific symptoms or treatment failures) is a listed impairment in the regulations. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 103.03. However, the ALJ mentioned only those listings related to cardiovascular and mental health conditions in his decision. The failure to consider the application of the respiratory listings was additional error requiring remand.[2]

---

[2] Whether or not claimant's respiratory impairment meets or medically equals Listing 103.03 or the other listings governing respiratory conditions is something that may be addressed in the first instance on remand by the ALJ.
(continued...)

Case 7:10-cv-00039-FL Document 20 Filed 01/26/11 Page 6 of 8

The court recognizes that the ALJ did discuss claimant's asthma in determining whether claimant's impairments were functionally equivalent to a listing. See R. at 15-16; see also 20 C.F.R. § 416.926a(a) (noting that the ALJ must "assess the interactive and cumulative effects of all of the impairments for which [there is] evidence, including any impairments . . . that are not 'severe,'" in determining functional equivalence). The ALJ's discussion relating to functional equivalence correctly focused primarily on evidence relevant to the six domains of functioning set forth in the regulations. See 20 C.F.R. § 416.926a. But a proper assessment of whether claimant's respiratory problems, alone or in combination with his cardiomyopathy, met or medically equaled a listing would more likely have focused on claimant's hospital visits, his use of corticosteroids and a nebulizer, and any ongoing respiratory problems that were not controlled by medication.

In short, the ALJ's determination indicates that claimant's breathing problems were treated as a secondary concern not worthy of significant attention. Claimant's asthma is mentioned only in passing; his use of corticosteroids and other medications to control his respiratory problems are not mentioned at all. However, the hearing transcript indicates that these problems were of great importance to claimant's mother and grandmother, and the regulations suggest that sufficiently severe respiratory problems may justify a finding of disability. Although the failure to find claimant's asthma to be severe at step two of the sequential evaluation procedure is not reversible error, the apparent failure to fully consider this diagnosis at step three requires further proceedings at the administrative level before this court may engage in any meaningful review.

---

²(...continued)
Claimant is currently represented by competent counsel. However, if claimant and his mother return to the ALJ without counsel, the court is confident that the ALJ will lend them his "sympathetic assistance . . . [in] develop[ing] the record" as necessary to determine whether claimant's ailments meet or medically equal a listing, and that the ALJ will "assume a more active role and . . . adhere to a heightened duty of care and responsibility" in adjudicating the claim. See Smith v. Barnhart, 395 F. Supp. 2d 298, 301 (E.D.N.C. 2005) (quoting Crider v. Harris, 624 F.2d 15, 16 (4th Cir. 1980)).

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, the court declines to adopt the recommendation of the magistrate judge (DE # 15). Plaintiff's objection that the ALJ failed to properly consider claimant's respiratory problems is SUSTAINED. Accordingly, plaintiff's motion for judgment on the pleadings (DE # 9) is GRANTED, and defendant's motion for judgment on the pleadings (DE # 13) is DENIED. This matter is REMANDED to the Commissioner for further proceedings consistent with this order. The clerk is DIRECTED to close this case.

SO ORDERED, this the 25 day of January, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge